UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID MANSON,

    Petitioner,

v.                                                            Case No. 4:18cv255-WS-CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition for petitioner's failure to exhaust state court remedies. (Doc. 8). Petitioner opposes the motion. (Doc. 10). The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, that petitioner has not exhausted his state court remedies, and that his petition should be dismissed without prejudice.

## PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Wakulla Correctional Institution in Crawfordville, Florida. (Doc. 1, p. 1). Petitioner

is serving a life sentence for capital sexual battery of a child less than twelve years of age, imposed by the Leon County Circuit Court in Case No. 2013-CF-1517. (Doc. 1, pp. 1-2; Doc. 8, Ex. 2 (judgment)). Petitioner's judgment was affirmed on direct appeal on May 25, 2017. *Manson v. State*, 226 So. 3d 819 (Fla. 1st DCA 2017) (Table).

On May 15, 2018, petitioner filed a *pro se* motion for postconviction relief in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.850, raising nine grounds of ineffective assistance of trial counsel. (Doc. 8, Ex. 3). One week later, on May 22, 2018, petitioner initiated this proceeding by filing a habeas petition raising the nine grounds for relief presented in his Rule 3.850 motion. (Doc. 1). On June 11, 2018, the state circuit court ordered the State to respond to petitioner's postconviction motion within thirty days. (Doc. 8, Ex. 4). Respondent asserts, and petitioner does not dispute, that petitioner's Rule 3.850 proceeding remains pending. (Doc. 8, p. 2; Doc. 10).

DISCUSSION

A state prisoner must exhaust available state court remedies before presenting his claim to a federal habeas court. *See* 28 U.S.C. § 2254(b); *Davila v. Davis*, 582 U.S. ——, ——, 137 S. Ct. 2058, 2064 (2017). As the Supreme Court explained in *O'Sullivan v. Boerckel*:

> [T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . [so] state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 845 (1999). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). When a petitioner files his federal habeas petition prior to exhausting his state court remedies, the district court must dismiss the petition without prejudice to allow for exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). In Florida, not only is a direct appeal or the filing of a motion for postconviction relief required, but also an appeal from the denial of the motion. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979).

Petitioner does not dispute that his Rule 3.850 proceeding is pending; instead, he argues, essentially, that he "is entitled to have the federal habeas court make its own independent determination of his federal claim, without being bound by state proceedings." (Doc. 10, p. 2). Petitioner's argument is contrary to settled law, the plain language of § 2254, Supreme Court precedent, and principles of comity and federalism underlying the exhaustion requirement. Because petitioner's Rule 3.850

proceeding is pending, the state courts have not received a "full and fair opportunity" to rule on his constitutional claims. *O'Sullivan*, 526 U.S. at 845. Petitioner's habeas petition should be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural

grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 8) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. David K. Manson*, Leon County Circuit Court Case No. 2013-CF-1517, be DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust state court remedies.

3. That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 17th day of August, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.